United States District Court
Southern District of Texas
**ENTERED**
January 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Santano Galo, *Plaintiff*, | § § § | |
| v. | § § | Civil Action H-25-4290 |
| Dunn-Wright & Associates, LLC, *Defendant*. | § § § | |

### MEMORANDUM AND RECOMMENDATION TO DENY TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND TO DISMISS FOR FAILURE TO SERVE DEFENDANT

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 9. Pending before the court is Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 12. The court recommends that Plaintiff's Renewed Motion, ECF No. 12, be **DENIED**. In addition, the court *sua sponte* recommends this case be **DISMISSED** for failure to serve the Defendant.

On September 10, 2025, Plaintiff Santano Galo filed his complaint, accompanied by a Motion for Temporary Restraining Order and Preliminary Injunction. ECF Nos. 1, 5. The court denied the Motion, in part, because Plaintiff failed to follow the particularities of Federal Rule of Civil Procedure 65, including the notice requirements. ECF No. 11. In the same Order, the court noted that Plaintiff had not served Defendant. *Id.* at 2. Accordingly, the court ordered Plaintiff "to serve Defendant and file proof of service on the court's docket" by December 24, 2025. *Id.* The court warned, "**Failure to comply will result in a recommendation that this case be dismissed without prejudice for failure to serve the Defendant.**" *Id.* (emphasis

in original). The court cites the "Proof of Noticing," ECF No. 11, from the clerk's internal noticing system, to show the order was mailed to the Plaintiff at the address listed on the docket sheet.

On December 30, 2025, Plaintiff filed a Renewed Motion for Temporary Restraining Order and Preliminary Injunction (Renewed Motion). ECF No. 12. Plaintiff did not execute the Certificate of Service attached to his Renewed Motion. ECF No. 12 at 10. In his affidavit in support of the Renewed Motion, dated December 24, 2025, Plaintiff stated that he "initiated service of process upon [Defendant] and will file proof of service on the docket before December 24, 2025, as ordered." ECF No. 13 at 1. Plaintiff still has not filed proof of service.

Plaintiff's Renewed Motion seeks an *ex parte* preliminary injunction. Federal Rule of Civil Procedure 65(a)(1) states, "The court may issue a preliminary injunction only on notice to the adverse party." It does not appear that Plaintiff provided Defendant with notice of the motion. Because Plaintiff has, again, failed to comply with the notice requirements of Rule 65, the court recommends that Plaintiff's request for the issuance of a preliminary injunction be **DENIED**.

To the extent that Plaintiff is seeking an *ex parte* temporary restraining order, the court may issue such an order without notice to the Defendant only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; <u>and</u>
>
> (B) the movant's attorney certifies in writing any efforts made to give notice <u>and</u> the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Plaintiff did not certify, in writing, that he made any efforts to give Defendant notice of his request for a temporary restraining order. Because Plaintiff failed

to comply with this requirement, the court recommends that Plaintiff's request for issuance of a temporary restraining order be **DENIED**.

Additionally, under Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The court ordered Plaintiff "to serve Defendant and file proof of service on the court's docket" by December 24, 2025. ECF No. 11 at 2. Plaintiff has not filed proof of service on the court's docket. Thus, pursuant to Rule 4(m), the court recommends that the case be **DISMISSED** without prejudice for failure to serve the Defendant.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 5, 2026.

_____
Peter Bray
United States Magistrate Judge